UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:10-CR-11-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| JAMES EDWARD BLEVINS, | ) | **JUDGE'S RECOMMENDED** |
| | ) | **DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 50]. The Recommended Disposition addresses the United States Probation Office's ("USPO") Supervised Release Violation Report ("the Report") which alleges three violations of the conditions of Defendant James Edward Blevins's supervised release. *Id.* at 1–2. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation and will find Blevins guilty of all three violations.

Concerning Violation #1, the Report alleges that Blevins tested positive for Suboxone, and he also admitted to using Suboxone. *Id.* at 1. The Report alleges that this violates two conditions of Blevins's release: the condition prohibiting unlawful use or possession of a controlled substance and the condition prohibiting use of a controlled substance except as prescribed by a physician. *Id.* at 2. The violation of these two conditions constitute Violation #1, which is a Grade C violation. Violation #2 is also based on Blevins's use of suboxone, which violates the condition prohibiting commission of another federal, state, or local crime. *Id.* Violation #2 is a Grade B violation. *Id.* Violation #3 is based on the probation officer's January 22, 2021 visit to Blevins's home, wherein the office observed George Patrick, a felon currently

on supervised release. *Id.* This violates the condition that Blevins refrain from associating with another felon without permission. *Id.* The Court conducted an initial hearing on these charges on February 1, 2021, and Blevins was remanded to the custody of the United States Marshal. *Id.*; *see also* [R. 45]. The Court conducted a final hearing on February 22, 2021. [R. 50, p. 2; R. 49] At the final hearing, Blevins entered a knowing, voluntary, and intelligent stipulation to all three violations. [R. 50, pp. 2–3; R. 49] In doing so, he admitted to the factual basis for each of the violations. [R. 50, p. 3] The Magistrate Judge considered this stipulation and found that the United States established all three violations under the standard set forth in 18 U.S.C. § 3583(e).

The Magistrate Judge next considered the gravity of the underlying offense of conviction and Blevins's criminal history, and concluded that Defendant's sentencing range under the Sentencing Guidelines (Revocation Table of Chapter Seven) is twelve to eighteen months. *Id.* The Magistrate Judge also noted that no maximum term of supervised release applied in this case. *Id.* at 4.

The Magistrate Judge next turned to the arguments made by the parties. *Id.* The United States requested revocation with twelve months of imprisonment, followed by completion of Blevins's existing period of supervised release. *Id.* In making this argument, the United States acknowledged Blevins's positive aspects, but also noted his past history of violence and the violent past of Patrick, the felon found in Blevins's home. *Id.* at 5. Blevins, on the other hand, requested that he be released and sent to substance-abuse treatment. *Id.*

Having reviewed the record and the arguments of counsel, the Magistrate Judge considered all of the statutory factors imported into the 18 U.S.C. § 3583(e) analysis, as well as the applicable Sentencing Guidelines range. *Id.* at 6. The Magistrate Judge found that, under 18 U.S.C. § 3583(g)(1), revocation was mandatory, unless a suitable treatment option (or Blevins's

record of involvement in treatment), warranted treatment in lieu of revocation under § 3583(d). *Id.* The Magistrate Judge noted that Blevins's suboxone use appeared to be an isolated incident, and it did not appear that he suffered from a serious drug addiction. *Id.* Accordingly, the § 3583(d) exception was not applicable, and revocation was mandatory. *Id.* The Magistrate Judge also noted that, even if revocation were not mandatory, revocation would be appropriate due to the nature of the violations. *Id.* at 7. The Magistrate Judge considered the nature and circumstances of Blevins's conviction, his history and characteristics, the need to deter criminal conduct and protect the public, and the opportunity for education and treatment, and ultimately recommended that a sentence of twelve months and a day of imprisonment, followed by continuation of his existing period of supervision, with no new conditions *Id.*

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed with fourteen days. *Id.* at 9. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Blevins filed a Waiver of Allocution. [R. 51]

Generally, this Court must make a de novo determination of those portions of the Report & Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report & Recommendation [**R. 50**] is **ADOPTED** as the opinion of this Court;

2. Defendant is found **GUILTY** of all three violations.

3. Defendant's supervision is **REVOKED**.

4. Defendant is **SENTENCED** to a term of incarceration of **twelve months and one day**, followed by the continuance of his existing period of supervised release, with no extension and no new conditions, set to expire on August 15, 2027.

5. If possible, Defendant **SHALL** be placed at FMC Lexington or the facility closest to his family.

6. Defendant **SHALL ATTEND** an in-court status conference six months after release from prison. The USPO must contact the Magistrate Judge following Defendant's completion of confinement for the purpose of scheduling a status conference for an update on his welfare.

7. Judgment shall enter promptly.

This the 16th day of March, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY