UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:10-CR-11-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JAMES EDWARD BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On referral from District Judge Boom (D.E. 60), the Court considers reported violations of supervised release conditions by Defendant James Edward Blevins.

**I.**

Then-District Judge Thapar entered Judgment against Defendant in November 2010 after Defendant pleaded guilty to manufacturing 100 or more marijuana plants and being a felon in possession of a firearm. Defendant was sentenced to 120 months of imprisonment followed by eight years of supervised release. D.E. 38. Defendant was first released on August 16, 2019. The matter was reassigned to Judge Boom. D.E. 40.

On January 25, 2021, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging three violations. Defendant ultimately stipulated to unlawfully possessing and using suboxone, committing the crime of unauthorized suboxone possession, and associating with a felon (George Patrick) without permission. *See* D.E. 50. He was given a revocation sentence of twelve months and a day, with subsequent supervised release

until August 15, 2027.  *Id.*; D.E. 52, 53.  His Guidelines Range at the time was twelve to eighteen months.  D.E. 50 at 3.

Defendant was released again on December 6, 2021.  He was soon enrolled in outpatient substance abuse treatment and mental-health treatment.  D.E. 55.  Defendant appeared in Court for status conferences in October of 2022 and 2023.  D.E. 57, 59.  Both times, the USPO reported that things were going well.

## II.

On April 9, 2024, the USPO issued a Supervised Release Violation Report ("the Report") that initiated these proceedings.  According to the Report, Defendant submitted a urine specimen on March 29 that tested positive, upon instant testing, for methamphetamine.  Defendant denied using methamphetamine, but lab results received on April 9 confirmed the presence of methamphetamine.

Accordingly, Violation #1 charges a Grade C violation of the condition prohibiting unlawful use of a controlled substance.  Based on Defendant's meth use, Violation #2 charges a violation of the condition prohibiting commission of another federal, state, or local crime and the condition prohibiting unlawful possession of a controlled substance.  Citing the Sixth Circuit's decision that use is equivalent to possession, Violation #2 is a Grade B violation because Defendant's Suboxone use and possession, on account of his prior drug conviction, constitutes a Class E felony under 21 U.S.C. § 844(a).

Following Defendant's arrest, the Court conducted an initial appearance pursuant to Rule 32.1 on May 3, 2024, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing.  D.E. 62.  At the initial appearance, the United States made an oral motion for interim detention; Defendant requested a general continuance of

2

the detention issue due to the existence of an outstanding warrant for failure to pay court costs. The undersigned thus remanded Defendant to the custody of the United States Marshal. *Id*.

On May 7, Defendant moved for release. D.E. 64. Following a teleconference (D.E. 66) and a hearing (D.E. 67), Defendant was released to home detention with increased drug-testing. A final hearing was scheduled for May 20. But, on that date, the parties moved to continue the final hearing for six months and lift the home-detention twice-weekly drug-testing requirements. D.E. 68. Those requests were granted.

At the final hearing on November 22, 2024, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 69. The government moved to dismiss both violations in the April 9 Report. *Id*. According to the government, since his release Defendant had done everything he was asked to do and did it "in an exemplary way." The meth positive was "an isolated incident based on a unique circumstance." While at a friend's house, Defendant drank some tea that was spiked with meth. Defendant was then given the opportunity to prove himself since his release in May. Defendant of course did not object. The Court set a status conference for November 24, 2025, and indicated it would recommend dismissal. The prosecutor said he would move for early termination at that status conference if Defendant continued to do well. Defendant was released on his existing conditions. *Id*.

**III.**

Based on the foregoing, the Court **RECOMMENDS** that the government's oral motion to dismiss Violations #1 and #2 be **GRANTED** and that the charges be dismissed with prejudice and Defendant continue on his existing period of supervised release, with no new conditions (*see* D.E. 38), set to expire on August 15, 2027.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Boom's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 25th day of November, 2024.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**

4