UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:10-CR-011-CHB-HAI-1 |
| ) | |
| v. ) | |
| ) | |
| JAMES EDWARD BLEVINS, ) | |
| ) | **ORDER ADOPTING** |
| ) | **RECOMMENDED DISPOSITION** |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 70]. The Recommended Disposition addresses the United States Probation Office's Supervised Release Violation Report ("the Report") which charges two violations of Defendant James Edward Blevins' supervised release. *Id.* at 2. First, the Report charges a Grade C violation of the condition prohibiting unlawful use of a controlled substance. *Id.* Second, Violation #2 charges a violation of the condition prohibiting commission of another federal, state, or local crime and the condition prohibiting unlawful possession of a controlled substance. *Id.* Citing the Sixth Circuit's decision that use is equivalent to possession, Violation #2 is a Grade B violation because Defendant's Suboxone use and possession, on account of his prior drug conviction, constitutes a Class E felony under 21 U.S.C. § 844(a). *Id.*

Magistrate Judge Ingram has held several hearings and teleconferences with the parties and their counsel on this matter. *See id.* 2–3. After an initial appearance on May 3, 2024, the United States moved for interim detention and Defendant requested a general continuance on that issue due to an outstanding warrant for court costs. *Id.* at 2 (discussing [R. 62]). At that time, Defendant was in custody of the United States Marshal. *Id.* On May 7, Defendant moved

for release, which was granted subject to home detention and increased drug-testing. *Id.* at 3 (citing [R. 64]). On May 20, Magistrate Judge Ingram granted the parties' joint motion to continue the final hearing until November 2024 and removed the home detention and increased testing provisions. *Id.* (discussing [R. 68]). On November 22, 2024, the final hearing was held wherein Defendant was afforded all rights due under Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3583. *Id.* (discussing [R. 69]). At that time, the United States moved to dismiss both violations, citing Defendant's "exemplary" compliance with his conditions of release and noting the "unique circumstance" of the "isolated incident" leading to his positive drug test. *Id.* The Recommended Disposition recommends that this Court grant the United States's motion. *Id.*

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within fourteen (14) days. [*Id.* at p. 4] The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. *See id.*; Fed. R. Crim P. 59(b). Instead, Mr. Blevins filed a Waiver of Allocution, [R. 71], which included his statement of no objection. *Id.* at 1.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the

Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition, [**R. 70**], is **ADOPTED** as the opinion of this Court.

2. The United States' oral motion to dismiss Violations #1 and #2 is **GRANTED** and the charges are **DISMISSED with prejudice**.

3. Defendant **SHALL** continue on his existing period of supervised release, with no new conditions, [*see* **R. 38**], set to expire on **August 15, 2027**.

This the 13th day of December 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY